# EXHIBIT D



# Service of Process Transmittal
06/14/2018
CT Log Number 533518819

| | |
|---|---|
| **TO:** | Maria Bustamante, Paralegal-Litigation<br>United Airlines, Inc.<br>609 Main Street, 18th Floor<br>Houston, TX 77002 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | United Airlines, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALVIN JOHNSON, JR., Pltf. vs. United Airlines, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition |
| **COURT/AGENCY:** | 333rd Judicial District Court Harris County, TX<br>Case # 201837772 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury - 06/08/2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/14/2018 postmarked on 06/12/2018 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Troy J. Pradia<br>THE COX PRADIA LAW FIRM, PLLC<br>1415 N. Loop West, Suite 200<br>Houston, TX 77004<br>713-739-0402 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/15/2018, Expected Purge Date: 06/20/2018<br><br>Image SOP<br><br>Email Notification,  Lauren Doerries  lauren.doerries@united.com<br><br>Email Notification,  Maria Bustamante  maria.bustamante@united.com<br><br>Email Notification,  Paula Hernandez  paula.hernandez01@united.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / BR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



| | |
|---|---|
| RECEIPT NUMBER | 0.00 |
| TRACKING NUMBER | 73503726 ATY |

**CAUSE NUMBER** 201837772

**PLAINTIFF:** JOHNSON, ALVIN (JR)
vs.
**DEFENDANT:** UNITED AIRLINES INC F/K/A CONTINENTAL AIRLINES INC

In The 333rd
**Judicial District Court of Harris County, Texas**

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: UNITED AIRLINES INC (FKA CONTINENTAL AIRLINES INC) (A CORPORATION)
MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST SUITE 900 DALLAS TX 75201 - 3136

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the __6th__ day of __June__, 20__18__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this __7th__ day of __June__, 20__18__.

Issued at request of:
TROY, J. PRADIA
1415 NORTH LOOP WEST SUITE 305
HOUSTON, TX 77008
TEL: (713) 739-0402
Bar Number: 24011945

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

Generated by: FATANY, ZUHAIR MUHAMMAD
314//10968910

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed the date of delivery thereon, and executed it at _____ , _____ ,
(STREET ADDRESS) (CITY)
in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,
by delivering to _____ , by delivering to its
(THE DEFENDANT CORPORATION NAMED IN CITATION)
_____ , in person, whose name is _____ ,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)
a true copy of this citation, with a copy of the _____ Petition attached,
(DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")
and with accompanying copies of _____ .
(ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____

By: _____
(SIGNATURE OF OFFICER)

Printed Name: _____

_____
Affiant Other Than Officer

As Deputy for: _____
(PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____

_____
Notary Public

N.INT.CITC.P                 *73503726*

6/6/2018 5:33 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25114234
By: Bernitta Barrett
Filed: 6/6/2018 5:33 PM

**2018-37772 / Court: 333**

NO. _____

| | | |
|---|---|---|
| ALVIN JOHNSON, JR. | § | IN THE _____ |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | DISTRICT COURT |
| UNITED AIRLINES, INC. F/K/A | § | |
| CONTINENTAL AIRLINES, INC. | § | |
| DEFENDANT. | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES ALVIN JOHNSON, JR.**, hereinafter called Plaintiff, complaining of and about UNITED AIRLINES INC., f/k/a Continental Airlines Inc. hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, **ALVIN JOHNSON, JR.**, is an individual who resides in Harris County, at 4230 Hirsch Road, Houston, Texas, 77026.

3. Defendant **UNITED AIRLINES, INC. f/k/a Continental Airlines, Inc.**, is a corporation doing business in the State of Texas for the purpose of monetary profit and may be served with citation by serving its registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900 Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

4.     The subject matter in controversy is within the jurisdictional limits of this court.

5.     This court has jurisdiction over the parties because Defendant United Airlines Inc. was doing business in the State of Texas at the time of the claim stated herein.

6.     Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7.     On or about June 8, 2016, and at all times relevant herein, Plaintiff Alvin Johnson Jr. ("Plaintiff") was an employee of G2 ("G2") Secure Staff, LLC. G2 was contracted by United Airlines Inc. f/k/a Continental Airlines Inc. ("Defendant and/or United") to perform duties and provide services.

8.     Some of the tasks that Plaintiff and G2 employee were expected to perform for United includes but is not limited to:

   a. Service, clean, and/or supply restrooms

   b. Follow procedures for the use of chemical cleaners and power equipment in order to prevent damage to floors and fixtures.

   c. Mix water and detergents and/or acids in containers to prepare cleaning solutions, according to specifications.

   d. Requisition supplies or equipment needed for clean laboratory equipment duties such as glassware or metal instruments, using solvents, brushes, rags, or power cleaning.

   e. Spray insecticides and or/fumigants to prevent insect and/or rodent infestation.

9.     On or about June 8, 2016, Plaintiff was at work when his team lead notified the team that

they had an inbound plane at George Bush Intercontinental Airport ("IAH"). This plane was a United Airline Aircraft.

10. Plaintiff and his team proceeded to the jet bridge, which was connected to the United Aircraft so that they could clean the aircraft.

11. When Plaintiff made it to the aircraft his team lead stated that they had forgot a bag for the aircraft, so Plaintiff went to retrieve them.

12. When plaintiff was walking up the jet bridge to get onto the aircraft, he noticed that the jet bridge started to move.

13. Plaintiff then shouted to the controller room that he was on the jet bridge, however the controller did not hear or see him despite the 360-degree camera that allows the controller to see all surrounding areas.

14. The jet bridge then jerked which caused Plaintiff to fall to the ground and sustain injuries to his knee and ankle.

## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT UNITED AIRLINES INC. F/K/A CONTINENTAL AIRLINES INC.

15. Plaintiff was injured as the result of falling off a jet bridge due to the negligence of Defendant United's employee(s). While Plaintiff was walking up the jet bridge to get onto the aircraft in order to perform his duties, an employee of Defendant United, who was acting within the course and scope of employment, caused Plaintiff to fall off the jet bridge. The act was done within the employee/contractor's general authority, in furtherance of Defendant United's business, and for the accomplishment of the job for which the employee/contractor was hired. As a result, Plaintiff sustained the injuries and damages set forth below.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST

## DEFENDANT UNITED AIRLINES INC. F/K/A CONTINENTAL AIRLINES INC.

16. Defendant United had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein. Defendant United breached this duty when it acted unreasonably, which is evidenced by a failure to maintain the safety of its employees. Plaintiff's injuries were proximately caused by Defendant United's negligent, careless, and reckless disregard of said duty. The negligent, careless, and reckless disregard of Defendant United's duty consisted of, but is not limited to, the following acts and omissions: in that Defendant United did not ensure the safety of its employees; failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances; and failed to avoid the incident in question. Furthermore, Defendant United was negligent, by the acts of its employee, when a United employee in the control room failed to utilize the 360-degree camera to insure the safety of Plaintiff and others. As a result of Defendant United's negligence, Plaintiff suffered the injuries and damages set forth below.

## PLAINTIFF'S CLAIM OF NEGLIGENT HIRING, SUPERVISING, TRAINING, AND/OR RETAINING AGAINST UNITED AIRLINES INC. F/K/A CONTINENTAL AIRLINES INC.

17. Defendant United owed Plaintiff a legal duty to hire, supervise, train, and/or retain competent employees and/or contractors. Defendant United breached said duty when it acted unreasonably, which is evidenced by its failure to make hire, supervise, train, and/or retain employees, contractors and/or persons instructed and/or directed to work on its aircrafts and make sure they are competent and adequate workers, including but not limited to refraining from recklessly, carelessly, and negligently disregarding the safety of others, by failing to review the 360-degree camera to insure the safety of Plaintiff and others. Plaintiff's injuries and damages

were proximately caused by Defendant United's negligent hiring, supervising, training, and/or retaining.

## PROXIMATE CAUSE

18. Each and every, all and singular, of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF ALVIN JOHNSON, JR.

19. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **ALVIN JOHNSON, JR.**, was caused to suffer significant injuries, and to incur the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, **ALVIN JOHNSON**, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering in the future;

   E. Mental anguish in the past;

   F. Mental anguish in the future;

   G. Physical impairment in the past;

   H. Physical impairment which, in all reasonable probability, will be suffered in the future;

   I. Loss of earnings in the past;

J. Loss of earning capacity which will, in all reasonable probability, will be incurred in the future;

K. Disfigurement in the past;

L. Disfigurement in the future;

M. Fear of future disease or condition;

N. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

O. Loss of Consortium in the future, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations; and

P. Cost of medical monitoring and prevention in the future.

## REQUEST FOR DISCLOSURE

20. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information or material in Rule 194.2, within 50 days of the date of service of this Petition.

## RULE 193.7 NOTICE

21. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by Defendant in response to any discovery request may be used at any pretrial proceeding or in the trial of this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ALVIN JOHNSON, JR., respectfully prays that the Defendant be cited to appear and answer herein. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of $100,000 or more or $500,000 or less, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and attorney fees. Plaintiff respectfully prays that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**THE COX PRADIA LAW FIRM, PLLC**

/s/ *Troy J. Pradia*

**Troy J. Pradia**

State Bar No.: 24011945

Email: tjp@coxpradialaw.com

**Lindsey V. Marshall**

State Bar No.: 24092763

Email: lindsey@coxpradialaw.com

1415 N. Loop West, Suite 200

Houston, Texas 77004

Telephone: (713) 739-0402

Facsimile: (713) 752-2812

ATTORNEYS FOR PLAINTIFF ALVIN JOHNSON, JR.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**